Electronically Filed by Superior Court of California, County of Orange, 11/14/2024 08:00:09 AM.
30-2024-01439799-CU-PL-CJC - ROA # 5 - DAVID H. YAMASAKI, Clerk of the Court By K Climer, Deputy Clerk.
#:44

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TESLA MOTORS, INC.; TESLA, INC.; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DANIEL TUDO

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero o bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** <br> *(El nombre y dirección de la corte es):* <br> Central Justice Center, 700 Civic Center Dr, Santa Ana, CA 92701 | CASE NUMBER: <br> *(Número del Caso):* 30-2024-01439799-CU-PL-CJC <br> Judge David A. Hoffer |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Abraham Law, PC, 3520 Overland Ave Ste D, Los Angeles, CA 90034-5585     310-254-7871

DATE: 11/14/2024 DAVID H. YAMASAKI, Clerk of the Court     Clerk, by _____ K. Cimer , Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*     K. Climer



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: TESLA, INC.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*



Electronically Filed by Superior Court of California, County of Orange, 11/14/2024 08:00:09 AM.
30-2024-01439799-CU-PL-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By R9Cilmer, Deputy Clerk.
Case 8:25-cv-00007-FWS - Document 1-1 Filed 12/18/24 Page 2 of 7 Page ID #:45

**ABRAHAM LAW, PC**
Arye C. Abraham, Esq., SBN 337441
3520 Overland Ave Ste D
Los Angeles, CA 90034
(310) 254-7871
arye@abrahamlf.com

Attorney for Plaintiff,
DANIEL TUDO

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| DANIEL TUDO,<br><br>         Plaintiff,<br><br>      v.<br><br>TESLA MOTORS, INC.;<br>TESLA, INC.; and DOES 1<br>through 100, inclusive,<br><br>        Defendant(s). | **Case No:** 30-2024-01439799-CU-PL-CJC<br><br>**COMPLAINT**<br><br>**1. BREACH OF IMPLIED WARRANTY**<br>**2. BREACH OF EXPRESS WARRANTY**<br>**3. VIOLATION OF THE SONG BEVERLY CONSUMER WARRANTY ACT**<br><br>**Assigned for All Purposes**<br><br>Judge David A. Hoffer |

DANIEL TUDO alleges as follows:

1. Plaintiff DANIEL TUDO ("Plaintiff") at all relevant times was a resident of Orange County, California.

2. Defendant TESLA MOTORS, INC., (hereinafter "TESLA") is a Corporation authorized to do business in California. The sales contract which is the subject of this action occurred in Orange County, therefore venue is proper in ORANGE County.

3. Defendant TESLA, INC., (hereinafter "TESLA") is a Corporation authorized to do business in California. The warranty repairs which are the subject of this action occurred in Orange County, therefore venue is proper in Orange County.

1

4. TESLA designs, manufactures, constructs, assembles, markets, distributes, and sells motor vehicles and motor vehicle components.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the Doe defendants are unknown to Plaintiff and are therefore sued by fictitious names. Plaintiff will amend the complaint to insert the true names when known. Plaintiff alleges that the Doe defendants are also responsible for the wrongful acts alleged, and therefore liable to Plaintiff. Reference to a named defendant, to "Defendant", or "Defendants" refers to all names and Doe defendants. In addition to Plaintiff suing named Defendants, Plaintiff sues Defendants identified as DOES 1 to 100.

6. Defendants were the agents, employees and co-conspirators engaged in the acts and/or conduct alleged, acted at least in part within the course and scope of this agency and/or employment, and with the permission and consent of the other defendants. Plaintiff is informed and believes, and thereon alleges that all of the acts alleged below were ratified by the other defendants.

7. Plaintiff purchased a new 2022 Model 3, Vehicle Identification Number 5YJ3E1EC5NF119937, ("VEHICLE"). TESLA provided an express written warranty relating to the VEHICLE.

8. At the time the VEHICLE was delivered to Plaintiff, the VEHICLE was not in a merchantable condition, was not safe, and did not conform to the quality and safety guidelines reasonably expected of a motor vehicle.

9. In the time period that followed, the VEHICLE failed an unreasonable amount of times, did not function properly, and was not safe or reliable. The problems with the vehicle which were experienced by Plaintiff were not the result of any misuse on the part of Plaintiff, and was not the result of any modifications made to the VEHICLE.

**FIRST CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY**

**Against All Defendants**

10. Plaintiff incorporates by reference paragraphs 1 to 8 as though fully set forth.

2

11. At the time Plaintiff purchased the VEHICLE from Defendants, they impliedly warranted the VEHICLE was of merchantable quality and that it was fit for its intended use.

12. Defendants breached the implied warranty in that the VEHICLE was not of merchantable quality and not fit for its intended use.

13. The VEHICLE contained multiple manufacturer defects, defects in assembly, design defects, and other defects, rendering the vehicle unsafe and making it impossible for Plaintiff to use the vehicle without inconvenience, failure, and mechanical breakdown.

14. As a direct and proximate result of Defendants' breach, the VEHICLE is virtually useless due to the frequency of breakdown, the safety hazards associated with using the vehicle, and the amount of time the vehicle was out of service due to repair attempts.

15. Plaintiff suffered incidental and consequential damages as a result of the breach.

16. Pursuant to Civil Code Sections 1793.2 and 1794, Plaintiff seeks reimbursement for the cost of financing, and owning the VEHICLE, repairing the VEHICLE, attorney's fees, and a civil penalty in an amount proved at trial.

## SECOND CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY
### Against All Defendants

17. Plaintiff incorporates by reference paragraphs 1 to 8 as though fully set forth.

18. Defendants expressly warranted that the VEHICLE was merchantable, safely designed, assembled and fit for the purpose it was intended.

19. Defendants breached the express warranty in since the VEHICLE was not merchantable, safely designed, properly assembled, or fit for its intended purpose.

20. Subsequent to Plaintiff purchasing the VEHICLE, Plaintiff complained on several occasions the VEHICLE was not functioning properly. Plaintiff made reasonable attempts to have the VEHICLE repaired, however said Defendants did not properly repair the vehicle within a reasonable time frame.

21. As a direct and proximate result of Defendants' breach the value of the VEHICLE is substantially less than reasonably expected by Plaintiff.

22. Plaintiff requested Defendants to release the VEHICLE pursuant to California law, however Defendants willfully refused, justifying an award of a civil penalty pursuant to Civil Code Section 1794.

23. Plaintiff suffered incidental and consequential damages as a result of the breach.

24. Pursuant to Civil Code Section 1794, Plaintiffs also seeks reimbursement for the cost of financing, and owning the VEHICLE, rescission of the purchase agreement of the VEHICLE, restitution damages, reimbursement of costs relating to repairing the VEHICLE, attorney's fees in an amount to be proved at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF SONG BEVERLY CONSUMER WARRANTY ACT
### Against All Defendants

25. Plaintiff incorporates by reference paragraphs 1 to 8 as though fully set forth.

26. The Song Beverly Consumer Warranty Act provides that parties making express warranties with regard to consumer goods shall conform to the federal standards for disclosure of warranty terms set forth in the Magnuson-Moss Warranty Federal Trade Commission Improvement Act (15 U.S.C. § 2301 et seq.).

27. Under Civil Code Section I793.2(d)(I), if the manufacturer or its representative does not service or repair the goods to conform to applicable express warranties after a reasonable number of attempts, the manufacturer shall either replace the goods or reimburse the buyer in an amount equal to the purchase price paid by the buyer, and/or loan payments and down payment paid by buyer, less the amount directly attributable to use by the buyer prior to discovery of the nonconformity.

28. Civil Code Section I794(b)(2) provides the measure of damages under the Song Beverly Consumer Warranty Act is the right of replacement and reimbursement and the cost of repair necessary to make the consumer goods conform.

29. The intent of the Song Beverly Act is to protect consumers from warranty fraud and hold manufacturers accountable for their defective products.

4

30. Defendants violated the Act by not repairing Plaintiffs VEHICLE after a reasonable number of attempts.

31. Defendants did not conform the VEHICLE to its express warranty after a reasonable number of repair attempts. The VEHICLE still does not conform to its warranty.

32. Under the Song Beverly Act, if a manufacturer of a vehicle is unable to repair a vehicle after a reasonable number of repair attempts, the manufacturer of the vehicle, upon demand from the consumer, must reimburse the consumer for the cost of purchasing and owning the vehicle.

33. Defendants were unable to repair Plaintiffs VEHICLE after a reasonable number of repair attempts.

34. Pursuant to Civil Code Section 1794, Plaintiffs seeks reimbursement for the costs of financing, and owning the VEHICLE, rescission of the purchase agreement of the VEHICLE, restitution damages, reimbursement of costs relating to repairing the VEHICLE, attorney's fees, and a civil penalty in an amount to be proved at trial.

**WHEREFORE, Plaintiffs prays for judgment against Defendant, as follows:**

**FIRST CAUSE OF ACTION**

1.    Incidental and consequential damages in an amount to be proved at trial;

2.    Rescission of the purchase agreement of the VEHICLE;

3.    Reasonable attorney's fees according to proof;

4.    A civil penalty according to proof;

5.    Costs of suit;

6.    Pre-judgment interest at the legal rate;

7.    Other relief the court deems proper.

**SECOND CAUSE OF ACTION**

1.    Incidental and consequential damages in an amount to be proved at trial;

2.    Rescission of the purchase agreement of the VEHICLE;

3.    Reasonable attorney's fees according to proof;

4.    A civil penalty according to proof;

5.    Costs of suit;

6.    Pre-judgment interest at the legal rate;

7.    Other relief the court deems proper.

### THIRD CAUSE OF ACTION

1.    Incidental and consequential damages in an amount to be proved at trial;

2.    Rescission of the purchase agreement of the VEHICLE;

3.    Reasonable attorney's fees according to proof;

4.    A civil penalty according to proof;

5.    Costs of suit;

6.    Pre-judgment interest at the legal rate;

7.    Other relief the court deems proper.


DATE: November 1, 2024                    **Abraham Law, PC**


                                          By: _____

                                          Arye C. Abraham, Esq.
                                          Attorney for Plaintiff,
                                          DANIEL TUDO